### State Bank of Colfax v. Benson Bros. & Co.

1.  VERDICTS—*On Conflicting Evidence.*—In a sharp conflict of testimony it is the peculiar province of the jury to say where the truth lies.

**Assumpsit,** upon an account of deposit and charges wrongfully made. Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding.   Finding and judgment for defendant. Appeal by plaintiff.   Heard in this court at the May term, 1898. Affirmed.   Opinion filed October 5, 1898.

WELTY & STERLING, attorneys for appellant.

LIVINGSTON & BACH, attorneys for appellees.

Opinion PER CURIAM.

This is an appeal from a judgment of $413.17, recovered by appellees, a firm doing business as grain buyers at Colfax, Illinois, against appellants, upon an account of deposits and for charges wrongfully made against them.

It is admitted 'that appellant, by mistake, wrongfully charged appellees' account with two checks drawn by other parties, one for $29.83 and the other for $202.95, and after suit was commenced, a tender of $243.67 and accrued costs was made, but refused. While there were in dispute upon the trial several small items for protest fees and telegram charges, practically the only contest is over an item of $150, claimed to have been paid to Jesse Benson, the father and agent of the Benson Brothers. W. H. Anderson, appellant's cashier, swears that he paid that amount to Jesse Benson on the 25th of September, 1896, and Jesse Benson flatly contradicts him. Another witness testified, but he was so badly impeached that the jury could not have given much credence to his testimony. In the sharp conflict it was the peculiar province of the jury to say where the truth was. It is a case in which a court of review would not feel justified in disturbing the finding of the jury unless some error of the court intervened which was calculated to prejudice in a material way the rights of the unsuccessful party. The record does not disclose such error.

The amount of the verdict does not exceed the three items mentioned, with interest thereon, and the protest fees improperly charged against the account of appellees. Judgment affirmed.